UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
GARVEY AUGUSTIN                                            16-cv-5260

                              Plaintiff,                **COMPLAINT**

     -against-                                                       **JURY DEMAND**

CITY OF NEW YORK, POLICE OFFICER
MICHAEL SEIGER, SERGEANT HENRY
DAVERIN AND POLICE OFFICERS
JOHN DOES 1-3
(the names John Does being fictitious as their
true names are presently unknown),

                              Defendants.
-----------------------------------------------------x

      Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York, Police Officer Michael Seiger, Sergeant Henry Daverin and Police Officers John Does 1-3 (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the City and State of New York.

      2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment, use of excessive force and malicious prosecution of Plaintiff and otherwise, for the violation of his federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is

appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.  Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

6. Plaintiff, a black male, is a resident of the City of New York, County of Kings and State of New York.

7. Defendant, City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Defendant Police Officer Michael Seiger and Sergeant Henry Daverin are New York City Police Officers employed with the 75th Precinct located in Brooklyn, New York who

violated plaintiff's rights as described herein.

9. Defendant Police Officers "John Does 1-3" are New York City Police Officers employed with 75th Precinct located in Brooklyn, New York who violated plaintiff's rights as described herein.

10.  The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

11.  On or about September 4, 2015, at approximately 11:00 p.m., plaintiff was arrested by the defendants at the corner of 70 Ridgewood Avenue and Logan Avenue while plaintiff was walking on the public street.

12.  At the time and place aforementioned, plaintiff was walking on the sidewalk when about five police officers pulled up beside him in an unmarked car. Plaintiff was going to a cab base around the corner for a cab to take him home.

13. Upon the defendant officers' car pulling up near plaintiff, the officers jumped out of the car and came after the plaintiff. The officers did not announce that they were police officers and did not shout freeze to plaintiff.

14. Unaware that the people coming after him were police officers, plaintiff ran. He thought that they were people seeking to rob or hurt him. Several other people walking on the street also ran upon seeing defendant officers jump out of the unmarked car.

15. The defendant officers pursued and caught up with plaintiff across the street. They pounced on plaintiff, grabbed and twisted his arms, and placed handcuffs on him. The cuffs were so tight that plaintiff suffered severe pain therefrom for many days.

16. Plaintiff asked the officers why they were arresting him. He told them he had committed no crime and that they had no reason to violate his rights.

17. The officers asked plaintiff: "where are the guns?" Plaintiff told them that he did not know what they were talking about. He further explained to them that he was just returning from a music studio nearby and neither had nor threw any guns.

18. And the officers asked plaintiff why he ran if he did not have a gun. Plaintiff told them that he did not know they were police officers and that he thought they were bad guys trying to rob or hurt him.

19. Defendant officers arrested plaintiff and searched him there on the street. They did not recover any weapons or other contraband from plaintiff. Yet the officers continued to ask him about where he had the guns. Plaintiff continued to tell them that he had no guns.

20. One of the officers told his fellow officers that he had watched plaintiff and that plaintiff was 'clean" and had nothing, but the other officers said plaintiff must come with them to the precinct.

21. Thereafter, plaintiff was placed in the defendants' vehicle and transported to the Precinct.

22. At the precinct, plaintiff was again searched, fingerprinted, processed and thrown into a holding cell.

23. Plaintiff was detained for about four days during which he was moved back and forth between the precinct and the Central Booking.

24. At some point during his detention, plaintiff was moved to some location in Queens County where he was detained for sometime before being brought back to Central Booking in

Kings County where the arrest had taken place.

25. Plaintiff continued to ask why he was being held for days without being brought before a judge. The officers at the precinct told him that they were still investigating.

26. Defendant officers took a mouth swab of the plaintiff for his DNA. Plaintiff told them that they had no justification to arrest him or to continue holding him and no justification to take his mouth swab.

27. After being held in detention for about four days, plaintiff was finally brought to court and charged with on a roadway instead of sidewalk in violation of Vehicle and Traffic Law Section 1156.A.

28. Upon arraignment, plaintiff was released on his own recognizance.

29. Plaintiff appeared in court many times to defend the charges and on November 4, 2015, all the charges were dismissed forthwith pursuant to CPL 170.55.

30. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

31. The individual defendants did not observe plaintiff engaged in suspicious, unlawful or criminal conduct at any time prior to or during the above incidents.

32. At no time prior to or during the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

33. Defendant Sergeant Henry Daverin supervised P.O. Seiger and Police Officers John Does 1-3 in the above-detailed unlawful conduct, including approving plaintiff's arrest.

34. To cover up their misconduct, defendant officers intentionally, knowingly and purposely provided false statements and information to the District Attorney of Kings County to cause plaintiff to be prosecuted.

35. As a result of the conduct of the defendants set forth herein, plaintiff missed his mid-term exams at Kingsboro Community College where he was a student at the time of the unlawful arrest. Plaintiff had to wait until the next semester before he could take mid-term exam that he had missed as a result of his unlawful arrest by the defendants.

36. Plaintiff missed a day of work from his new job at New Fashion Week. After plaintiff was released from detention, he was terminated by his employer for missing a day of work.

37. Also, plaintiff missed two days community service as a result of his arrest and detention. An additional day of community service was imposed on him for missing the two days.

38. Plaintiff suffered physical injuries, emotional distress, fear, humiliation, shock, embarrassment, loss of liberty, psychological trauma, pain, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

39. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

40. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant officers in a collective manner and fashion.

41. Plaintiff has no other adequate remedy at law but for this action.

## AND AS FOR A FIRST CAUSE OF ACTION:
## 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

42. Plaintiff reiterates paragraphs 1 through 41 and incorporates such by reference herein.

43. By their conduct under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

44. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A SECOND CAUSE OF ACTION:
## 42 U.S.C. § 1983 - MALICIOUS PROSECUTION

45. Plaintiff reiterates paragraphs 1 through 44 and incorporates such by reference herein.

46. Plaintiff was subjected to malicious prosecution in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

47. Defendant officers initiated the malicious prosecution against plaintiff without probable cause to believe that it would succeed.

48. The defendant officers acted with malice to cover up their illegal and unconstitutional conduct by initiating the malicious prosecution.

49. The above-stated malicious prosecution was terminated in plaintiff's favor when all the charges were dismissed.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

51. Plaintiff reiterates paragraphs 1 through 50 and incorporates such by reference herein.

52. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

53. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

54. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

    (a)    The determination of probable cause to make an arrest;

    (b)    The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

    (c)    The circumstances under which investigative detentions may lawfully occur and the manner in which they may lawfully be executed;

    (d)    The very limited circumstances under which a warrantless search may be carried out.

    (e)    The constitutional prohibition against racial profiling.

55. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. The City of New York had been accused of racial profiling on multiple occasions. And in *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in illegal and unreasonable stop, frisk, search and seizure.

56. Police officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests.

57. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

58. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers engaged in racial profiling, and was deliberately indifferent to that need.

59. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

### AND AS FOR A FOURTH CAUSE OF ACTION:
### 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

60. Plaintiff reiterates paragraphs 1 through 59 and incorporates such by reference herein.

61. During the arrest of plaintiff, defendant officers subjected plaintiff to unlawful use of excessive force by violently slamming plaintiff to the ground even though plaintiff was not

resisting arrest.

62. Also, defendant officers maliciously, gratuitously, and unnecessarily grabbed and twisted plaintiff's arms, and subjected plaintiff to excessively tight handcuffs.

63. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A FIFTH CAUSE OF ACTION:
### 42 U.S.C. § 1983 - FAILURE TO INTERCEDE

64. Plaintiff reiterates paragraphs 1 through 63 and incorporates such by reference herein.

65. The defendant officers each had opportunities to intercede on behalf of plaintiff to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

66. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before stated.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
      September 21, 2016

                LAW OFFICE OF PHILIP AKAKWAM, P.C.

                By:     /s/
                      Philip Akakwam, Esq.
                      Attorneys for the Plaintiff
                      303 Livingston Street, 2nd Floor
                      Brooklyn, N.Y. 11217
                      (718) 858-2488

16-cv-5260

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GARVEY AUGUSTIN

                        Plaintiff

   -against-

CITY OF NEW YORK, POLICE OFFICER
MICHAEL SEIGER, SERGEANT HENRY
DAVERIN AND POLICE OFFICERS
JOHN DOES 1-3
(the names John Does being fictitious as their
true names are presently unknown),

                        Defendants.

---

# COMPLAINT

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated: