UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GARVEY AUGUSTIN,

|  |  |
|---|---|
| Plaintiff, | **ANSWER TO THE AMENDED COMPLAINT BY DEFENDANT CABRERA** |
| -against- |  |
| CITY OF NEW YORK, POLICE OFFICER MICHAEL SEIGER, SERGEANT HENRY DAVERIN, POLICE OFFICER CHRISTOPHER WALSH (Shield #23571), POLICE OFFICER TONY CUOCO (Shield #17359), POLICE OFFICER CHRISTIAN SALAZAR (Shield #22478), POLICE OFFICER LUIS CABRERA AND POLICE OFFICERS JOHN DOES (the names John Does being fictitious as their true names are presently unknown), | 16-CV-5260 (PKC) (JO) |
| Defendants. |  |

------------------------------------------------------------------------ x

Defendant Luis Cabrera by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for his Answer to the Amended Complaint respectfully alleges, upon information and belief, as follows:[1]

1.      Denies the allegations set forth in paragraph "1" of the Amended Complaint, except admits that Plaintiff purports to proceed as stated therein.

2.      Denies the allegations set forth in paragraph "2" of the Amended Complaint, except admits that Plaintiff purports to proceed as stated therein.

3.      Denies the allegations set forth in paragraph "3" of the Amended Complaint, except admits that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] Defendants City of New York, Seiger, and Daverin interposed the Answer to the Amended Complaint on January 17, 2017. (Docket Entry No. 18)

4.     Denies the allegations set forth in paragraph "4" of the Amended Complaint, except admits that Plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

5.     Denies the allegations set forth in paragraph "5" of the Amended Complaint, except admits that Plaintiff purports to base venue as stated therein.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint.

7.     Denies the allegations set forth in paragraph "7" of the Amended Complaint, except admits that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York, that the City maintains a police department, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and New York City Police Department ("NYPD").

8.     Denies the allegations set forth in paragraph "8" of the Amended Complaint, except admits that Defendants Sergeant Henry Daverin, Police Officer Michael Seiger, Police Officer Christopher Walsh, Police Officer Christian Salazar, and Police Officer Luis Cabrera were employed by the City of New York as members of NYPD on September 4, 2015.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Amended Complaint.

10.     Paragraph "10" of the Amended Complaint sets forth the capacity under which Plaintiff intends to sue the individual Defendants and thus no response is required.

11.     Denies the allegations set forth in paragraph "11" of the Amended Complaint, except admits that Plaintiff was arrested on September 4, 2015 at approximately 12:45 a.m. for

criminal possession of a weapon in the second degree, obstruction of governmental administration in the second degree, obstructing vehicular or pedestrian traffic, and creating a hazardous condition.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the Amended Complaint, except admits that on September 4, 2015, members of NYPD were driving in an unmarked police vehicle.

13.    Denies the allegations set forth in paragraph "13" of the Amended Complaint.

14.    Denies the allegations set forth in paragraph "14" of the Amended Complaint, except admits that on September 4, 2015, Plaintiff fled from police officers, who were in uniform.

15.    Denies the allegations set forth in paragraph "15" of the Amended Complaint, except admits that Plaintiff was apprehended.

16.    Denies the allegations set forth in paragraph "16" of the Amended Complaint.

17.    Denies the allegations set forth in paragraph "17" of the Amended Complaint, except admits that on September 4, 2015, Defendant Sergeant Henry Daverin inquired as to Plaintiff's knowledge of a firearm.

18.    Denies the allegations set forth in paragraph "18" of the Amended Complaint, except admits on September 4, 2015, Defendant Cabrera was in uniform.

19.    Denies the allegations set forth in paragraph "19" of the Amended Complaint.

20.    Denies the allegations set forth in paragraph "20" of the Amended Complaint.

21.    Denies the allegations set forth in paragraph "21" of the Amended Complaint, except admits that on September 4, 2015, Plaintiff was transported to the 75th Precinct.

22.     Denies the allegations set forth in paragraph "22" of the Amended Complaint, except admits that on September 4, 2015, Plaintiff's arrest was processed at the 75th Precinct.

23.     Denies the allegations set forth in paragraph "23" of the Amended Complaint, except admits that Plaintiff was in custody for thirty-three hours and forty-nine minutes.

24.     Denies the allegations set forth in paragraph "24" of the Amended Complaint.

25.     Denies the allegations set forth in paragraph "25" of the Amended Complaint.

26.     Denies the allegations set forth in paragraph "26" of the Amended Complaint, except admits that a DNA sample was taken from Plaintiff, to which Plaintiff consented.

27.     Denies the allegations set forth in paragraph "27" of the Amended Complaint, except admits that the Kings County District Attorney's Office charged Plaintiff with violating Vehicle and Traffic Law § 1156(A).

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint.

30.     Denies the allegations set forth in paragraph "30" of the Amended Complaint.

31.     Denies the allegations set forth in paragraph "31" of the Amended Complaint.

32.     Denies the allegations set forth in paragraph "32" of the Amended Complaint.

33.     Denies the allegations set forth in paragraph "33" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of those allegations as to John Doe police officers.

34.     Denies the allegations set forth in paragraph "34" of the Amended Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Amended Complaint.

38.     Denies the allegations set forth in paragraph "38" of the Amended Complaint.

39.     Denies the allegations set forth in paragraph "39" of the Amended Complaint.

40.     Denies the allegations set forth in paragraph "40" of the Amended Complaint.

41.     Paragraph "41" is a conclusion of law and thus no response is required.

42.     In response to the allegations set forth in paragraph "42" the Amended Complaint, Defendant repeats and realleges his response set forth in the preceding paragraphs as though fully set forth herein.

43.     Denies the allegations set forth in paragraph "43" of the Amended Complaint.

44.     Denies the allegations set forth in paragraph "44" of the Amended Complaint.

45.     In response to the allegations set forth in paragraph "45" the Amended Complaint, Defendant repeats and realleges his response set forth in the preceding paragraphs as though fully set forth herein.

46.     Denies the allegations set forth in paragraph "46" of the Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

47.     Denies the allegations set forth in paragraph "47" of the Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

48.     Denies the allegations set forth in paragraph "48" of the Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Amended Complaint, insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

50.     Denies the allegations set forth in paragraph "50 of the Amended Complaint.

51.     In response to the allegations set forth in paragraph "51" the Amended Complaint, Defendant repeats and realleges his response set forth in the preceding paragraphs as though fully set forth herein.

52.     Denies the allegations set forth in paragraph "52" of the Amended Complaint.

53.     Denies the allegations set forth in paragraph "53" of the Amended Complaint.

54.     Denies the allegations set forth in paragraph "54" of the Amended Complaint and its subparts.

55.     Denies the allegations set forth in paragraph "55" of the Amended Complaint and respectfully refer the Court to the case referenced therein for a full and accurate account of the contents of that case.

56.     Denies the allegations set forth in paragraph "56" of the Amended Complaint.

57.     Denies the allegations set forth in paragraph "57" of the Amended Complaint.

58.     Denies the allegations set forth in paragraph "58" of the Amended Complaint.

59.     Denies the allegations set forth in paragraph "59" of the Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

60.     In response to the allegations set forth in paragraph "60" the Amended Complaint, Defendants repeat and reallege their response set forth in the preceding paragraphs as though fully set forth herein.

61.     Denies the allegations set forth in paragraph "61" of the Amended Complaint.

62.     Denies the allegations set forth in paragraph "62" of the Amended Complaint.

63.     Denies the allegations set forth in paragraph "63 of the Amended Complaint.

64.     In response to the allegations set forth in paragraph "64" the Amended Complaint, Defendant repeats and realleges his response set forth in the preceding paragraphs as though fully set forth herein.

65.     Denies the allegations set forth in paragraph "65" of the Amended Complaint.

66.     Denies the allegations set forth in in paragraph "66 of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67.     The Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68.     There was probable cause for Plaintiff's arrest, detention, and prosecution.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69.     Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, and/or the conduct of third parties, and was not the proximate result of any act of Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70.     Any force used by Defendant was reasonable under the circumstances.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

71.     Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has Defendant violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72.     Defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore is protected by qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

73.     At all times relevant to the acts alleged in the Amended Complaint, the individual Defendant acted reasonably in the proper and lawful exercise of his discretion.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

74.     To the extent the Amended Complaint alleges any claims arising under state law, Plaintiff has failed to comply with New York General Municipal Law §50(e), *et seq.*

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

75.     To the extent Plaintiff purports to state any claims under state law, such claims may be barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

76.     Plaintiff may have failed to comply with the conditions precedent to this lawsuit.


**WHEREFORE,** Defendant Luis Cabrera requests judgment dismissing the Amended

Complaint and denying all relief requested therein, together with such other and further relief as

the Court deems just and proper.


Dated:  New York, New York
       February 15, 2017

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
    *Attorney for Defendants*
100 Church Street
New York, New York 10007
Tel:   (212) 356-3523


By:  Brachah Goykadosh
    *Assistant Corporation Counsel*
    Special Federal Litigation Division


cc:   Philip Anaekperchi Akakwam  (by ECF)
    Law Office of Philip Akakwam
    *Attorney for Plaintiff*
    303 Livingston Street, 2nd Floor
    Brooklyn, New York 11217

16-CV-5260 (PKC) (JO)

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GARVEY AUGUSTIN,

Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER MICHAEL
SEIGER, SERGEANT HENRY DAVERIN, POLICE
OFFICER CHRISTOPHER WALSH (Shield #23571), POLICE
OFFICER TONY CUOCO (Shield #17359), POLICE
OFFICER CHRISTIAN SALAZAR (Shield #22478), POLICE
OFFICER LUIS CABRERA AND POLICE OFFICERS JOHN
DOES (the names John Does being fictitious as their true names
are presently unknown),

Defendants.

---

**ANSWER TO THE AMENDED COMPLAINT  BY
DEFENDANT CABRERA**

---

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

Of Counsel: Brachah Goykadosh
Tel:  (212) 356-3523

---

*Due and timely service is hereby admitted.*

*New York, N.Y.* ..........................................., *2017*

..................................................................*Esq.*

*Attorney for* ................................................................